IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| TRICIA DANYUS and JUSTIN DANYUS | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 19-1258 |
| | ) | |
| KENDRA SLAMA DEROSA, *et al*. | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER AND OPINION**

Pending before the Court is Defendant Theresa Wolf's second Motion to Dismiss for Failure to State a Claim. ECF No. 45. For the reasons stated below, this motion is denied.

### **BACKGROUND**

On July 26, 2019, Plaintiffs filed a twelve-count complaint against the Town of Normal Illinois, Tracy Wolf, Theresa Ciardini, Rick Bleichner, and Kendra Slama DeRosa. Relevant here are the claims made against Defendant Wolf and Ciardini, two Illinois Department of Children and Family services employees. Plaintiff claimed Wolf and Ciardini retaliated against Tricia Danyus in violation of the First Amendment (Count III); violated Plaintiff's equal protection rights (Count IV), violated Tricia Danyus's procedural due process rights (Count V); violated Plaintiffs' substantive due process rights (Count VI); maliciously prosecuted Plaintiffs (Count X); and intentionally inflicted emotional distress upon Plaintiffs (Count XI). *Id*.

Defendant Wolf signed a Waiver of Service agreeing to answer within 60 days of July 31, 2019, making her answer due by September 31, 2019.  The Court granted Defendants Wolf and Ciardini two extensions and they then filed a Motion to Dismiss for Failure to State a Claim on December 12, 2019.  They argued that the Complaint violated Rule 8's requirement that the

plaintiff make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a). Defendants Bleichner, DeRosa, and the Town of Normal (collectively "Normal Defendants") had filed their own Motion to Dismiss in October 2019.

In March 2020, the Court rejected Defendants Wolf and Ciardini's argument that the Complaint violated Rule 8 but granted in part the Normal Defendant's motion. In partially granting the Normal Defendant's motion, the Court dismissed Count III and IV, which were also brought against Wolf and Ciardini.

On April 15, 2020, the magistrate judge granted Defendants Ciardini and Wolf's motion for an extension and ordered Defendants to answer Plaintiffs' Complaint by April 30, 2020. The magistrate judge continued to grant Defendants' Ciardini and Wolf's motions for an extension and again, on May 28, 2020, the magistrate judge specified that Ciardini and Wolf's *answers* were due on June 25, 2020. The magistrate judge then held a hearing on July 10, 2020, to discuss their fifth motion for an extension. During the hearing, Plaintiff explained that it objected to the motion to the extent these Defendants sought to file a second motion to dismiss, instead of an answer, because doing so would violate Rule 12(g)(2). The Court granted the motion for extension, but preserved Plaintiff's objection related to the timeliness of a second motion to dismiss. Ciardini filed an answer on July 30, 2020. On July 31, 2020, after all the other defendants had filed an answer and after being granted five extensions, Defendant Wolf filed a second motion to dismiss pursuant to Rule 12(b)(6).

## LEGAL STANDARD

The Federal Rules of Civil Procedure that except "as provided in Rule 12(h)(2) or (3), a party that makes a motion under [Rule 12] must not make another motion under [Rule 12] raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). One exception, found in Rule 12(h)(2), provides that, even if a party omits an

available failure-to-state-a-claim defense from a Rule 12 motion, it may still raise that defense "in any pleading allowed or ordered under Rule 7(a)","by a motion under Rule 12(c)," "or at trial." Fed. R. Civ. P. 12(h)(2); Fed. R. Civ. P. 7(a). Rule 12(c) allows a party to move for judgment on the pleadings at any time "after pleadings are closed" so long as it will not delay trial. Fed. R. Civ. P. 12(c).

The Seventh Circuit has made clear that the "policy behind Rule 12(g) is to prevent piecemeal litigation in which a defendant moves to dismiss on one ground, loses, then files a second motion on another ground." *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012). Moreover, under Rule 12(a)(4)(A) the responsive pleading must be served within 14 days after notice of the court's action on a motion to dismiss.

## ANALYSIS

Plaintiff argues that even though Defendant Wolf did not waive her failure to state a claim argument, it is procedurally improper for Wolf to split her claims into successive motions to dismiss and stall the commencement of discovery. *See e.g.* Fed. R. Civ. P. 12(h)(1)(A). Plaintiff requests that the Court deny Wolf's motion so that the case can move forward, and Wolf can replead their arguments in a 12(c) motion after she has filed an answer.

Plaintiffs argue that Wolf "blatantly violated the plain language of the Federal Rules of Civil Procedure" but state that they have refrained from pursuing sanctions "because the application of Rule 12(g)(2) is admittedly somewhat confusing." ECF No. 46 at 7. Plaintiffs acknowledge that the Seventh Circuit has stated "Rule 12(g)(2) does not prohibit a new Rule 12(b)(6) argument from being raised in a successive motion." *Ennenga*, 677 F.3d at 772. However, the Plaintiffs explain that the procedural posture was different there. There, the defendants filed a second motion to dismiss only after the court granted the first motion to

dismiss and gave plaintiffs leave to refile the complaint. *Ennenga v. Starns*, 2007 WL 9657947, at *1 (N.D. Ill. Jan. 17, 2007). After the plaintiff filed an amended complaint, the defendants filed a motion to dismiss and for the first time asserted certain claims were time barred. *Ennenga v. Starns*, 2007 WL 9657948, at *1 (N.D. Ill. Dec. 14, 2007), *aff'd*, 677 F.3d 766 (7th Cir. 2012). The district court rejected the plaintiffs' arguments that defendants had waived their statute of limitations argument by failing to raise it in their first set of motions. *Id.* at *2. On appeal, the Seventh Circuit explained that the defendants had not waived their statute of limitations defenses because "[f]ailure-to-state-a-claim defenses are thus excepted from the Rule 12(g)(2) consolidation requirement and not included in the Rule 12(g)(1) waiver rule." *Ennenga*, 677 F.3d at 772. However, this case did not address the filing of successive motions to dismiss when the first motion was denied, and Plaintiff did not file an intervening amended complaint.

Indeed, unlike *Ennenga*, Plaintiffs have not filed an amended complaint and Wolf's motion is her second 12(b)(6) motion aimed Plaintiffs' original pleading. Wolf's first motion to dismiss was denied in its entirety. Moreover, all of the arguments were available when Defendant filed her initial motion to dismiss. Indeed, this seems like precisely the sort of piecemeal litigation that Rule 12(g) seeks to prevent. And, Plaintiffs do not argue that Wolf's arguments are waived, but do complain that Wolf's action is procedurally improper. Defendant did not file a reply and thus, did not defend her decision to file a second motion to dismiss.

As Plaintiff acknowledged, this court has previously stated that there is a "substantial amount of case law which provides that successive Rule 12(b)(6) motions may be considered where they have not been filed for the purpose of delay, where entertaining the motion would expedite the case, and where the motion would narrow the issues involved." *Doe v. White*, 2010 WL 323510, at *2 (C.D. Ill. Jan. 19, 2010) (internal citations omitted). Here, however, the court

is not persuaded that entertaining the motion would expedite the case where the case is proceeding against several defendants and the court has already resolved two motions to dismiss. Wolf had the opportunity to make her own motion and also benefitted from the Court granting part of her co-defendants motion to dismiss that resulted in claims against her being dismissed as well. Instead, deciding this motion would delay the case further particularly since Plaintiff also requested additional time to formulate a response to the substantive arguments before the Court decides Wolf's motion to dismiss. This case has been pending for over a year and Wolf has been granted a total of seven extensions. The Court agrees that it is time for the pleadings to close and discovery to commence. Moreover, Plaintiffs represent that they would subpoena and depose Wolf even if she were no longer a defendant. Accordingly, the potential harm to Wolf is relatively minimal in these circumstances, further supporting Plaintiffs' request that the court deny this motion as untimely.

Finally, as Plaintiff highlighted, the magistrate judge had previously specifically directed Defendant to file an answer. Moreover, Rule 12(a)(4)(A) of the Federal Rules of Civil Procedure dictates that responsive pleadings are due within 14 days after the court has denied a motion to dismiss. And, as explained above, Rule 12(g) seeks to prevent successive motions to dismiss and Wolf's actions have repeatedly and unnecessarily delayed this case. Accordingly, Wolf's motion is due to be denied.

## CONCLUSION

For the reasons stated above, Defendant Wolf's Motion to Dismiss is DENIED without prejudice and Defendant is directed to file an answer on or before October 8, 2020. The Court is not inclined to grant any additional extensions and Defendant is cautioned that a failure to file a timely answer may result in the Plaintiffs' assertions being deemed admitted.

Entered this 24th day of September, 2020.

                                                                                                                             s/ Michael M. Mihm  
                                                                                                                             Michael M. Mihm  
                                                                                                                             United States District Judge